HARTFORD ACCIDENT AND INDEMNITY COMPANY, appellant,

*v.*

SIMON ENGLANDER, respondent.

[Decided September 30th, 1921.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Foster, who filed the following opinion:

"Complainant in this action seeks to recover moneys paid to the defendant as compensation under the Employers' Liability act, for an injury which defendant sustained as a result of the negligent act of a third party.

"The accident in which defendant was injured occurred on April 3d, 1919, while the defendant, an employe of the Fidelity Trust Company, was riding in an automobile of that company driven by another of its employes. The automobile of the trust company was run into by an automobile owned by the Fisher-Sweeney Bronze Company, and defendant was severely injured and his leg was fractured.

"Complainant was the insurer of the Fidelity Trust Company, and the trust company, under the provision of the statute, was found to be liable for a total compensation of $681.67, on account of which complainant has paid defendant $425 compensation and $38 hospital and medical expenses.

"The Travellers Insurance Company was the insurer of the Fisher-Sweeney Bronze Company, against whom defendant brought suit for the damage caused by his injuries, and in February, 1920, this insurer settled the suit against the bronze company by the payment to defendant of $750. Thereupon complainant ceased its payment of compensation under the statute and brought this action to recover the compensation, &c., amounting to $463, which it had paid defendant.

"Complainant's action is apparently based upon two theories—the first being that its investigator was not informed of or could not discover until February, 1920, the name of the third party responsible for the accident, and as defendant failed to furnish this information, it was unable to serve the notice required by the statute upon this third party. The evidence on this point is neither clear nor satisfactory, but this is immaterial, because it affirmatively and positively appears that within a few days after the accident, Mr. Jacobus, the representative of the Fidelity Trust Company in charge of this matter, knew that it was the driver of the Fisher-Sweeney Bronze Company's automobile who was responsible for causing the accident, and it does not appear whether the Fidelity Trust Company did or did not give the statutory notice.

"The second theory of complainant's case is that in some undisclosed way it is entitled to be subrogated to the rights of the defendant against the tort-feasor, the Fisher-Sweeney Bronze Company, and that this right of subrogation entitled it to the decree it seeks against defendant, regardless of the fact that it may have an entirely complete and adequate remedy at law against the defendant for money had and received by him on its account.

"Admittedly, there is no privity of contract. or otherwise, between complainant and defendant, and while it may be that the Fidelity Trust Company, as employer, on giving the statutory

notice, would under the provisions of the act be subrogated, to the amount of the compensation awarded, to the rights of the defendant against the third. party, the tort-feasor, I am unable to find anything in the act, or any principle of equity, in the absence of privity between the parties, that will sustain complainant's claim to subrogation, and I will therefore advise that the bill be dismissed."

*Messrs. Heine, Bostwick & Bradner,* for the appellant.

*Mr. Simon Englander,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, ACKERSON, VAN BUSKIRK—13.

*For reversal*—None.