PHILIP BRENNER, PLAINTIFF-APPELLANT, v. HAZEL
MOUNT, DEFENDANT-APPELLEE.

Submitted May 12, 1928—Decided December 21, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Joseph C. Paul.*

For the appellee, *Harley, Cox & Walburg (William H. D. Cox,* of counsel).

PER CURIAM.

This is the appeal of the plaintiff below from a judgment of nonsuit.

At the trial the following matters of fact appeared.

On October 13th, 1926, one William Moore was employed by the plaintiff, Philip Brenner, and on that day, while acting within the scope of his employment, he was struck and injured while upon a public street by an automobile driven by the defendant, Hazel Mount.

On or about October 27th, 1926, the Zurich General Accident and Liability Insurance Company, the insurance carrier of the plaintiff, sent to the defendant on behalf of the plaintiff the following letter:

"To Albert & Hazel Mount,
200 Goldsmith Ave.,
Newark, N. J.

Please take notice that on or about the 13th day of October, 1926, William Moore, while employed by Philip Brenner, received injuries claimed to be due to your negligence, the accident happening at or near 54 Walnut street, Newark, N. J. If under the Workmen's Compensation law it becomes necessary for the employer or his insurer to make any payment of workmen's compensation benefits or to pay medical, surgical or hospital expense, or similar expense, we shall look to you for reimbursement, and any direct settlement that may be made by you with the injured man or his attorney will not release you from liability for payment made or expense incurred by the employer or insurer.

ZURICH GENERAL ACCIDENT AND LIABILITY
INSURANCE COMPANY."

Thereafter, and before March 7th, 1927, the insurance carrier above referred to entered into an agreement with the injured man to pay him, and did pay him, compensation for temporary disability and his medical bills. It is stipulated that "on March 7th, 1927, the defendant, without notice other than that of October 27th, 1926, of any agreement upon the part of the plaintiff or his insurance company, to pay compensation to the said William Moore, settled the claim of the said William Moore against her for $2,100," and paid him that amount. It further appeared that prior to the payment of this sum, her attorney who effected the settlement for her got in touch, over the telephone, with the insurance carrier of the plaintiff and endeavored to compromise any alleged claim which the carrier might feel it had by reason of its compensation payments and the payment of medical bills for which this suit was subsequently brought, the attorney advising the insurance carrier that he believed they had no legal claim because of the fact that the notice served was defective. During that telephone conversation the attorney was told that the insurance carrier claimed $383.

We think that the judgment of nonsuit must be affirmed because there was no compliance on the part of the plaintiff with section 23-F of the Workmen's Compensation act. *Pamph. L.* 1919, *p.* 212, *ch.* 93. The Workmen's Compensation act, originally enacted in 1911, and the amendments and supplements thereto, prescribed not only the duty of an employer to an injured employe, but also provided a procedure to be followed by the employe and the employer in determining their respective rights and duties under the statute. Section 23-F, the section admittedly involved in this case, prescribes the duty of a third person injuring an employe to the employer and prescribes the procedure by which such employer can acquire a right to reimbursement from the third party.

That statute provides that in order to acquire a right against the third party to be reimbursed by the third party for the compensation paid that "such employer shall file with the third person or corporation so liable, at any time prior to payment, a statement of the compensation agreement or award between himself and his employe," and therefore it was incumbent upon the employer (the appellant here) to follow that procedure, and that he did not do.

The language of the section, in effect, calls for written notice. The only written notice given by the appellant to the third party prior to the date of settlement did not advise the third party of any agreement to pay compensation or of any award for compensation, but on the other hand negatived by its own language the idea that there was an agreement to pay compensation or an award for compensation. The letter stated: "If under the Workmen's Compensation law it becomes necessary for the employer or his insurer to make any payment * * *." Such a notice was, therefore, not the one contemplated by the Workmen's Compensation act, for it did not state to the third party any agreement to pay compensation or award for compensation.

The appellant, realizing this, tried to overcome this defect in two ways: First, he introduced evidence to show that al-

though written notice was not given to the third party, still oral notice was given to her attorney.

This was not proper notice, for, as we have pointed out, the statute calls for the filing of a notice, which requirement can only be fulfilled by filing a written notice.

Secondly, the appellant argues that on March 7th, 1928, on the date on which the third party settled the claim of the injured employe, there was no agreement by him to pay compensation. Such was not the fact. There was an agreement in force at that time and it is so admitted by the appellant in the agreed state of the case as we read it.

The judgment will be affirmed, with costs.