The defendant M.W. Kellogg Company is entitled to subrogation to the rights of the defendant Leon Byram against the complainant, Warner-Quinlan Company, as tort feasor, to the extent of moneys paid by or in behalf of the Kellogg Company, as employer, to the defendant Leon Byram, as its employe, under the provisions of the Workmen's Compensation act (P.L. 1911ch. 95), as amended and supplemented. The defendant Leon Byram, on December 9th, 1925, while in the employ of the defendant M.W. Kellogg Company, doing work at complainant's place of business to which he had been assigned by his employer, sustained injuries in consequence of which he was entitled to compensation from his employer under the authority of the aforesaid act. On October 21st, 1927, Byram obtained a judgment against the complainant, astort feasor, for the sum of $2,500 damages, which judgment was affirmed on appeal. The total amount of judgment, with interest and costs after appeal, was $2,709.78. On May 26th, 1928, said *Page 84 
judgment was assigned to New York Stock, Bond, Finance and Realty Company. The assignment was recorded in the office of the clerk of the supreme court on May 28th, 1928. Prior thereto, on May 11th, 1926, Byram's employer filed notice with the complainant of its right to subrogation to the rights of Byram against the complainant, as tort feasor, by virtue of the aforesaid act. The defendant New Jersey Manufacturers' Casualty Insurance Company also filed notice with the complainant of its alleged right to subrogation to the right of Byram for damages for the tort suffered by Byram through negligence attributable to the complainant. The aforesaid insurance company is not entitled to its alleged right. The Workmen's Compensation act, supra, confers the right of subrogation only upon the employer.Hartford Accident and Indemnity Co. v. Englander, 93 N.J. Eq. 188.
The bill of complaint was filed June 11th, 1928, and thereunder the amount of the aforesaid judgment, $2,709.78, was deposited with the clerk of the court. From the moneys so deposited the sum of $1,522.09 was paid by order of the court to the New York Stock, Bond, Finance and Realty Company, as assignee of the judgment creditor Leon Byram. A joint and several statement of claim was filed herein on June 14th, 1928, by the defendants M.W. Kellogg Company and New Jersey Manufacturers' Casualty Insurance Company (the latter being the insurance carrier of the Kellogg Company to meet the requirements of the Workmen's Compensation act) for the sum of $1,187.69. Both claimants urge that the said sum be paid to M.W. Kellogg Company notwithstanding that the proofs disclose that the Kellogg Company paid to its employe, Leon Byram, as compensation payable under the aforesaid act, the sum of $840.29, and that said employer's insurance carrier, New Jersey Manufacturers' Casualty Insurance Company, paid to said Leon Byram, in behalf of the Kellogg Company, as compensation aforesaid, the sum of $347.40. Both items aggregate the sum of $1,187.69, the amount in controversy herein. A payment by an employers' insurance carrier is tantamount to a payment by the employer. P.L. 1918 ch. 149 § 5. *Page 85 
My determination herein is not to be regarded as conceding the right of an employer and its insurance carrier to file a jointand several statement of claim under rule 69.