This matter is before the court on a bill of interpleader filed by the complainant, which, pursuant to an order entered herein, deposited in court the sum of $5,000, representing settlement of a suit instituted at law against the complainant by Marie Huebschmann, executrix of the last will and testament of Paul Huebschmann, deceased. While the aforesaid law suit was pending a notice, signed by "Albert J. Childs, Adjuster," written upon a letterhead of the "Accident and Liability Department — Aetna Life Insurance Company * * *," was addressed to and served upon the New York, Susquehanna and Western Railroad Company, referring to an injury sustained by Paul Huebschmann, an employe of Pattison 
Bowns, Incorporated, and to an agreement entered into between said employer and employe, whereby the employer, on account of said injury, became liable for the payment of such moneys as prescribed under the New Jersey Workmen's Compensation act and — "the said employer, therefore, demands of you, out of any moneys which you are to pay by release or judgment to or for the benefit of the said employe or the dependents or next of kin of the said employe, reimbursement of and for all moneys which at such time may have been paid by the said employer or its insurance carrier by virtue of its agreement aforesaid." See schedule "A" attached to bill of interpleader. The Aetna Life Insurance Company, as insurance carrier for Pattison Bowns, Incorporated, paid directly to Marie Huebschmann, as dependent of the above-named decedent, Paul Huebschmann, under the Workmen's Compensation act (P.L. 1911 ch. 95), the sum of $1,776.34. The case sub judice
is submitted upon a stipulation of facts and the particular question presented for determination, as manifested by paragraphs 8 and 9 of said stipulation, is whether said defendant Pattison 
Bowns, Incorporated, as employer of said Paul Huebschmann, is entitled under the provisions of section 23 (f) of the aforesaid act, as amended by P.L. 1919 p. 212, to have paid to it out of the fund in court, the aforesaid sum of $1,776.34. The Aetna Life Insurance Company issued to Pattison *Page 42 
Bowns, Incorporated, a policy of workmen's compensation insurance. Thus a privity of contract was created between said parties. No such privity was thereby created as between the Aetna company and Paul Huebschmann. The Workmen's Compensation act,supra, expressly confers the right of subrogation upon an employer and provides that such employer is entitled to reimbursement out of moneys received by or payable to the employer's employe, or his dependents, by a third party wrong-doer (tort feasor). In view of the fact that no provision is contained in the aforesaid act entitling an employer's insurance carrier to the employer's right of subrogation, for workmen's compensation paid by such insurance carrier directly to an injured employe, or his dependents, and the absence of privity between such insurance carrier and the employe of its insured employer, I am not aware of any equitable principle that will sustain the claim of subrogation herein or warrant the court to award to either the employer or its insurance carrier any part of the fund in court. Warner-Quinlan Co. v. Byram, 106 N.J. Eq. 82; Henry Steers, Inc., v. Turner Construction Co.,104 N.J. Law 189; Newark Paving Co. v. Klotz, 85 N.J. Law 432; affirmed,86 N.J. Law 690; Hartford Accident and Indemnity Co. v.Englander, 93 N.J. Eq. 188; Brenner v. Mount,7 N.J. Mis. R. 35. The defendant Marie Huebschmann, as executrix, c., is, in my judgment, solely entitled to the fund in court. I will advise a decree accordingly. *Page 43