Domejka, while in the employ of Kluj, suffered injury at the hands of Degler. Domejka was awarded compensation against Kluj under the Workmen's Compensation act and was paid by Kluj's insurance carrier. Domejka also recovered damages from Degler, whose insurance carrier paid the judgment less the sum paid by Kluj's carrier. Kluj having served notice on Degler of his compensation payments and having demanded reimbursement out of the judgment, Degler's carrier deposited the balance in court under a decree of interpleader. Interpleading, Kluj and his carrier claim the fund. In the agreed state of facts it is stipulated "that defendant Felix Kluj paid no money personally and seeks no money." Kluj's insurance carrier asserts it paid the compensation as agent of Kluj and claims subrogation *Page 589 
to Kluj's statutory right to reimbursement. Had Kluj paid the money he would be entitled to the fund under section 23f of the Workmen's Compensation act. Cum. Supp. Comp. Stat. p. 3885. His insurance carrier paid it, not as his agent, but as his indemnitor under the contract of indemnity and under the ruling of our court of errors and appeals in three recent cases, the right to reimbursement being strictly statutory in the employer, the insurance carrier is not entitled to be subrogated and has no right of recovery. Erie Railroad Co. v. Michelson, 111 N.J. Eq. 541; New York, Susquehanna and Western Railroad Co. v.Huebschmann, Ibid. 547; Cook v. Phillips, 109 N.J. Law 371.
That is the law of this state as declared by our highest tribunal and it must be obediently followed. A distinction is sought to be drawn between the Michelson Case and this one (the two are substantially similar in all respects) because of the court of errors and appeal's response in the Huebschmann Case to the point raised, that the compensation was paid on behalf of the employer by the insurance carrier * * * as the agent of the employer. There, as here, the facts appeared that payment of compensation was by the carrier as indemnitor.
Assuming that the court's observation in the HuebschmannCase, that agency was not established, connotes that the carrier could recover had it paid the money as agent, and that agency would bridge the gap of privity in the cited cases, the case under consideration would be brought within the well-established equitable doctrine that a surety paying his principal's obligation is entitled to the principal's securities; in this instance the employer's right of action against the employe's tort feasor. The right of the employer against the employe's tort feasor is not one of subrogation but a specific cause for action given by the statute against the tort feasor to which chose in action the paying carrier succeeds as subrogee by operation of law as well as, in this instance, contractually under the indemnity agreement which contains an applicable subrogation clause. The question is not one of privity between the employer's carrier and the tort feasor, but the equitable right of an indemnitor to succeed to the *Page 590 
principal's security. The supreme court of the United States in the recent case of Aetna Life Insurance Co. v. Moses, 6Advance Opinion 328 (January 8th, 1933), in circumstances somewhat similar to those prevailing here, said: "We do not doubt, although other courts have (inter alia Hartford Accidentand Indemnity Co. v. Englander, 93 N.J. Eq. 188), that the insurer is subrogated to the rights of the employer to the extent that it has discharged his duties" and that "subrogation is a normal incident of indemnity cases." (Citing many authorities.)
The criticism of the Englander Case was not deserved. That suit was by the carrier of the employer, not against the employe's tort feasor, but against the injured employe to recover from him the compensation paid to him, he having recovered against the tort feasor, and Vice-Chancellor Foster properly dismissed the bill being "unable to find anything in the act or any principle of equity, in the absence of privity between the parties that will sustain complainant's claim of subrogation." The case is not authority for the proposition that the carrier of the employer is not entitled to be subrogated to the employer's statutory right against the tort feasor. Vice-Chancellor Fielder, in the Michelson Case, pointed out that until the amendment of 1913 the employe could have both compensation and damages, and that the amendment gave the employer, who made compensation, a cause of action against the tort feasor. It gives none against the employe who has collected.
We cannot see with the complainants that this case is different from the Michelson and Huebschmann Cases and that the equity principle of subrogation adverted to is applicable if our view of the law as declared by the court of errors and appeals is a correct interpretation. Our duty is to follow. If we have fallen into error in applicable principles of law the court of errors and appeals will make the correction. The fund will be ordered paid to Domejka. *Page 591