Defendant Bickford, while employed by the defendants commissioners of Palisades Interstate Park, was accidentally injured by an automobile owned and operated by complainants. Bickford applied to the workmen's compensation bureau and obtained an award of compensation against the commissioners. $2,835 has been paid to him on account, and compensation for forty-eight weeks at $18 a week remains to be paid. Bickford, within six months of the day of the accident, brought suit against complainants to recover damages for the injuries sustained by him and later agreed with complainants upon a settlement for $8,000. Complainants have paid into court an amount equal to the compensation already paid to Bickford and the compensation still remaining payable on his award. This sum is claimed by Bickford on the one hand and by his employers and their insurer, the Indemnity Company of North America, on the other.
It is stipulated between the parties that none of the compensation has been paid by the employers and that all such payments have been made by the insurer. Unless the amendment,P.L. 1931 p. 704, to section 23 (f) of the Workmen's Compensation act (Cum. Supp. Comp. Stat. p. 3868), has changed the rule, the decree must go to the employe Bickford. ErieRailroad Co. v. Michelson, 111 N.J. Eq. 541; *Page 382 New York, Susquehanna and Western Railroad Co. v. Huebschmann,109 N.J. Eq. 40; affirmed, 111 N.J. Eq. 547; Fidelity andCasualty Co. v. Sisters of St. Joseph of Peace, 112 N.J. Eq. 579; Degler v. Domejka, 112 N.J. Eq. 588.
A brief review of the development of the statute and the decisions must precede a consideration of the 1931 amendment. InNewark Paving Co. v. Klotz, 85 N.J. Law 432; affirmed,86 N.J. Law 690, it was held in an opinion by Mr. Justice Swayze that the employer had no right, by way of subrogation, to the claim of the workman against the tort-feasor. The employer in that case relied on decisions holding that a fire insurer is subrogated to the insured's cause of action against a third person whose tort had caused the loss; the employer offered himself in the aspect of an insurer of his employe against accidents happening in the course of employment. The legislature (P.L. 1913 pp. 302, 312), changed the rule enunciated by Mr. Justice Swayze by inserting in the statute the following provision:
"Where a third person or corporation is liable to the employe or his dependents for an injury or death, the existence of a right of compensation from the employer under this statute shall not operate as a bar to the action of the employe or his dependents, nor be regarded as establishing a measure of damage therein. However, in event that the employe or his dependents shall recover from the said third person or corporation, a sum equivalent to or greater than the total compensation payments for which the employer is liable under this statute, the employer shall be released thereby from the obligation of compensation. If, however, the sum so recovered from the third person or corporation is less than the total of compensation payments, the employer shall be liable only for the difference. The obligation of the employer under this statute to make compensation shall continue until the payment, if any, by such third person or corporation is made. Such employer shall file with the third person or corporation so liable, at any time prior to payment, a statement *Page 383 
of the compensation agreement or award between himself and his employe, or the dependents of the employe, and the employer shall thereafter be entitled to receive from such third person or corporation, upon the payment of any amount in release or in judgment by the third person or corporation on account of his or its liability to the injured employe or his dependents, a sum equivalent to the amount of compensation payments which the employer has theretofore paid to the injured employe or his dependents, which payments shall be deducted by the third person or corporation from the sum paid in release or judgment to the injured employe or his dependents."
Then comes P.L. 1917 p. 522, the Workmen's Compensation Insurance act, requiring every employer who could not satisfy the commissioner of banking and insurance as to the permanence and financial standing of his business to carry workmen's compensation insurance. The employer must post in his place of business the name of the insurer (section 6); the insurer is made directly liable to the employe in certain cases (section 8) and the insurance contract must provide "that it is made for the benefit of the several employes of the insured employer and their dependents, and that such contract may be enforced by any of such employes or their dependents, suing thereon in his or their names as though distinctly made party thereto" (section 9). The employe is given the right to join the insurer with the employer in his petition for compensation or for enforcement of compensation payments (section 10) and it is enacted "that the insurance carrier shall, in all things, be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation" (section 11).
Hartford Accident and Indemnity Co. v. Englander, 93 N.J. Eq. 188,
was a bill in equity by the insurer against the employe to recover out of a sum paid to the employe by the wrongdoer whose negligence caused the injury, an amount equal to the compensation paid by complainant. The court said that admittedly there was no privity of contract or *Page 384 
otherwise between insurer and defendant employe and that nothing in the act or any principle of equity, in the absence of privity between the parties, would sustain the insurer's claim to subrogation. In weighing the effect on our law of this case, it should be noted that the employer himself could not have recovered, since the rule of the Klotz Case denied him the position of subrogee and since he did not come within the terms of the statute of 1913 above quoted. So the insurer apparently was impelled to advance a theory that it was directly subrogated to the rights of the employe instead of the usual theory that it stood in the shoes of the insured, the employer.
In Henry Steers, Inc., v. Turner Construction Co.,104 N.J. Law 189, it was said that the amendment of 1913 (reenacted and numbered section 23 (f) by P.L. 1919 pp. 201, 212), "must be liberally construed to effectuate the purpose of its enactment which was, as already indicated, to reimburse the employer for payments which the act required of him regardless of the question of his negligence from the person who was the wrongdoer."Brenner v. Mount, 7 N.J. Mis. R. 35; 143 Atl. Rep. 868, an action by the employer against the tort-feasor, mentions that the insurance carrier had paid the compensation, but no importance appears to have been given to that fact. Warner-Quinlan Co. v.Byram, 106 N.J. Eq. 82, was an interpleader by the tort-feasor against the employer, the insurer and the workman. Vice-Chancellor Fallon decided that the insurer was not entitled, citing the Englander Case, and that the employer was, but he added, "a payment by an employer's insurance carrier is tantamount to a payment by the employer. P.L. 1918 ch. 149 p.431 § 5." While it has since been pointed out that this statute was not applicable, the statement that payment by the insurer is tantamount to payment by the employer, is supported by the general rule that insured and insurer are regarded as one person. Weber v. Morris and Essex Railroad Co.,35 N.J. Law 409.
Then follow the four cases first above cited in which it is *Page 385 
laid down that the insurer is not subrogated to the employer's rights under section 23 (f), and further that a payment of compensation by the insurer pursuant to the terms of its policy, is not, in the absence of further proof, to be considered payment by or on behalf of the employer and hence that the employer cannot recover. These cases are founded on an interpretation of section 23 (f), that the legislature intended to grant relief to the employer only and not to his insurer. They were all decided after the amendment of 1931 but the amendment is not mentioned in any of the opinions, except in the Huebschmann Case, and then only to note that it is not pertinent for the reason that it was not passed until after the rights of the parties had become fixed. The amendment added to section 23 (f) the following paragraph:
"When an injured employe or his dependent fails within six months of the accident, to take legal action against a third party responsible for the injury, or accepts a settlement for less than the compensation obligation of the employer, the employer or his insurance carrier is hereby authorized to proceed legally against such third party; provided, however, if the amount secured by the employer or carrier is in excess of the employer's obligation and the expense of suit, the balance shall be paid to the employe or the dependent."
The insurance carrier lays much stress on Aetna Life InsuranceCo. v. Moses, 287 U.S. 530; 53 S.C. 231. This was an action by an insurer against a third party under a federal compensation law. Mr. Justice Stone wrote: "We do not doubt, although other courts have (Henderson Tel. Tel. Co. v. Owensboro Home Tel. Tel. Co., 192 Ky. 322; 233 S.W. Rep. 743; Hartford Accident andIndemnity Co. v. Englander, 93 N.J. Eq. 188;118 Atl. Rep. 628), that the insurer is subrogated to the rights of the employer to the extent that it has discharged his duties, though whether its rights extend to compensation which it is liable to pay, as well as to that which it has paid, we need not decide. Notwithstanding, the provision of the statute and of the policy permitting an award for compensation to be made *Page 386 
against the insurer directly, the function of the insurer is essentially that of indemnifying the employer. The statute contemplates that the payment of compensation should be secured by insurance, and nothing in it indicates that the insurer is to be denied an indemnitor's rights. Subrogation is a normal incident of indemnity insurance. Hall Long v. The RailroadCompanies, 13 Wall. 367; 20 L.Ed. 594; Liverpool and GreatWestern Steam Co. v. Phenix Insurance Co., 129 U.S. 397, 462;9 Sup. Ct. 469; 32 L.Ed. 788; St. Louis Iron Mountain and SouthernRailway Co. v. Commercial Union Insurance Co., 139 U.S. 223,235; 11 Sup. Ct. 554; 35 L.Ed. 154; Travelers' Insurance Co. v.Great Lakes Engineering Co. (C.C.A.), 184 Fed. Rep. 426; 36L.R.A. (N.S.) 60; Workmen's Compensation Exchange v.Chicago, M., St. P. P. Railroad Co. (D.C.), 45 Fed. Rep.
2d 885."
The weight which must be given to an opinion of the United States supreme court and the fact that in most jurisdictions the courts have differed from the rule laid down in New Jersey, suggest that the question of the proper construction of section 23 (f) when first presented to the court of errors and appeals, was a close one and that slight changes in the statute by the legislature might well lead to an opposite result. The amendment of 1931, authorizing the employer or his insurance carrier to proceed legally against the third party, obviously gives to the insurer a cause of action. Now, if the contention of the defendant employe Bickford is correct, the situation is this: The workman began suit within six months of the accident, and settled for an amount greater than the compensation obligation of the employer. Therefore, the insurer is not entitled to any part of the sum agreed upon in settlement or to an action against the third party, although the employer would have been so entitled if he had been the conduit of the compensation payments. But if the employe had delayed bringing suit or had accepted too small a settlement, then the insurer equally with the employer could have recovered from the third party, the complainant, *Page 387 
the amount of the compensation obligation of the employer. Such a construction of the statute seems to me unreasonable. The legislature, by its latest enactment, clearly recognizes the interest of the insurer in the cause of action against the third party whose tort has caused a loss for which the insurer is liable. It puts the insurer on a par with the employer in ability to proceed against the third party when no judgment had been recovered or settlement agreed upon by the employe and I think it must follow that the insurer is subrogated to the employer's interest in a judgment obtained or agreed settlement. The statute must be construed in the light of prevailing business customs. Most employers are required to carry workmen's compensation insurance. The policies, in accordance with the statute, expressly state that they are made for the benefit of the employes severally. It is generally more convenient for insurer, employer and employe alike, that compensation payments should be made directly by the insurer to the injured workman and this is not only the practice, but is required by the usual terms of the policy. I conclude that the money in court to the extent of compensation actually paid, belongs to the Indemnity Insurance Company of North America.
The insurance company also claims the balance of the fund, which equals the compensation obligation still unpaid. It points to the proviso at the end of the amendment, "if the amount secured by the employer or carrier is in excess of the employer's obligation and the expense of suit, the balance shall be paid to the employe or the dependent." Whatever the exact effect of this clause upon a suit by insurer or employer against a third party, the earlier provision of the section remains in force that the recovery by the workman from a third party releases the employer from the obligation of compensation. Since employer and insurer are not liable for further payments to Bickford, they have no interest in the balance of the fund and it will be awarded to the employe. As both contestants win in part, they will bear their own costs. *Page 388