116 N.J. Super. 390 (1971)
282 A.2d 437
MARCUS J. WAGER, JR., PLAINTIFF,
v.
BURLINGTON ELEVATORS, INC., A CORPORATION OF NEW YORK, DEFENDANT-THIRD PARTY PLAINTIFF,
v.
CARL E. KEES AND HAZEL KIRK KEES, INDIVIDUALLY AND TRADING AS WILLIAM C. KIRK, KIRK ELEVATOR CO., INC., AND KIRK DUMBWAITER CO., INC., CORPORATIONS OF NEW JERSEY, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 12, 1971.
*392 Mr. Robert C. Gruhin for plaintiff.
Mr. Joseph Colt for defendant-third party plaintiff (Mr. Edward E. Kuebler, attorney).
Mr. George L. Sachs for third party defendants (Messrs. Sachs & Sachs, attorneys).
Mr. James B. Moran for New Jersey Manufacturers Insurance Company (Messrs. Hughes, McElroy, Connell, Foley & Geiser, attorneys; Mr. William T. McElroy on the brief).
TUMULTY, J.S.C.
This matter came before the court on two motions which appear to raise a novel issue relative to N.J.S.A. 34:15-50. The first motion was by third-party defendants Carl E. Kees et al. (hereinafter Kees), for an order permitting them to pay into court the sum of $22,500 representing their share of the settlement of this suit. The second motion was by New Jersey Manufacturers Insurance Company, insurer of Wager's employer, Montclair National Bank & Trust Company, for an order directing plaintiff, his attorney, third-party plaintiff Burlington and third-party defendants Kees to honor the workmen's compensation lien held by the New Jersey Manufacturers Insurance Co. We deny third-party defendants' motion to pay into court their share of the settlement suit and grant the motion of New Jersey Manfacturers Insurance Co. to have the workmen's compensation lien honored, for the reasons set forth hereinafter.
Plaintiff was injured on February 23, 1967 while in the course of his employment with the Montclair National Bank & Trust Company when a Burlington elevator dropped, *393 causing plaintiff to fall with the elevator and sustain personal injuries.
Plaintiff Wager sought workmen's compensation against his employer, Montclair National Bank & Trust Company, by a claim petition filed November 28, 1967. This court's docket reflects that plaintiff thereafter filed the instant civil suit on May 8, 1968. Both the workmen's compensation petition and the present complaint were filed by the same attorney, who currently represents plaintiff.
The compensation matter came on for hearing before the Workmen's Compensation Division on September 2, 1969, and judgment against plaintiff's employer, Montclair National Bank & Trust Company, was formally entered September 22, 1969. Despite the pendency of the civil action, for some 16 months during and prior to the conclusion of the compensation matter, neither plaintiff nor his counsel advised the employer's compensation carrier, New Jersey Manufacturers Insurance Co. (which was making the compensation payments), that plaintiff had such a civil suit in process. No attempt was ever made thereafter by plaintiff or his counsel to so advise the carrier. The carrier continued to pay the compensation due to plaintiff.
On December 9, 1969 the civil action was settled with Kees and Burlington for the total sum of $25,000. Of this figure, the third-party defendants (Kees) were to pay $22,500, and defendant-third party plaintiff (Burlington) was to pay $2,500.
Subsequent to the agreement to settle, but before any payment had been made, counsel for the third-party defendant (Kees), who apparently was aware of the compensation situation, requested closing papers of plaintiff's counsel and, in particular, inquired as to the amount of the compensation lien.
On June 1, 1970 plaintiff's counsel eventually forwarded to third-party defendant Kees general releases and stipulations of dismissal. Since no release of the compensation lien was among these papers, the attorney for the third-party defendant *394 on June 3, 1970 wrote plaintiff's attorney requesting such a release. Thereafter "several" letters and "a number" of telephone calls failed to produce any such paper.
The third-party defendants (Kees) filed a motion in the nature of an interpleader and gave due notice of same to the compensation carrier, which afterward filed a motion to have its lien honored. These are the motions now before the court.
Prior to the interpleader motion the compensation carrier finally received a notice of the pending civil suit against the tortfeasor. On July 27, 1971 New Jersey Manufacturers Insurance Company received an inquiry by letter from the insurance carrier of defendant Burlington Elevators, Inc. This letter caused the compensation carrier New Jersey Manufacturers Insurance Company to make inquiry, and as a result, on July 30, 1971, it sent notice of its lien by certified mail, return receipt requested, to all interested parties.
New Jersey Manufacturers Insurance Company also moves for an order of this court directing that its lien, statutory notice of which was given by it prior to any payment in the civil action, be honored.
New Jersey Manufacturers Insurance Company relies on N.J.S.A. 34:15-40(d), the pertinent parts of which state:
* * * If at any time prior to the payment by the third person or his insurance carrier to the injured employee or his dependents, the employer or his insurance carrier shall serve notice, as hereinafter provided, upon such third person or his insurance carrier that compensation has been applied for by the injured employee or his dependents it shall thereupon become the duty of such third person or his insurance carrier, before making any payment to the injured employee or his dependents, to inquire from such employer or his insurance carrier the amount of medical expenses incurred and compensation therefore paid to the injured employee as his dependents. * * * Thereafter, out of that part of any amount about to be paid in release or in judgment by such third person or his insurance carrier on account of his or its liability to the injured employee * * *, the employer or his insurance carrier shall be entitled to receive from such third person or his insurance carrier so much thereof as may be due the employer or insurance carrier *395 pursuant to subparagraph (b) or (c) of this section. * * * [Emphasis added]
Plaintiff, in opposition to New Jersey Manufacturers Insurance Company's motion, relies on subparagraph (g) of the above cited statute which states:
If such employee or his dependents effect a settlement with the third person or his insurance carrier or institute proceedings against the third person prior to the service of notice upon the third person or his insurance carrier of the compensation obligation of the employer or his insurance carrier or prior to the institution of any proceedings against the third person by the employer or his insurance carrier for the injuries and loss sustained by such employee or his dependents, such employer or his insurance carrier is barred from instituting any action. * * *
In determining whether N.J.S.A. 34:15-40(d) or 34:15-40(g) applies, our construction of these parts of the statute must be with reference to the leading idea or purpose of the whole statute. A statute is passed as a whole and not in parts or sections. Consequently, each part or section should be construed in connection with every other part or section, so as to produce a harmonious whole. See Sutherland on Statutory Construction, § 4703.
The purpose of the Workmen's Compensation Act was stated in U.S. Casualty Co. v. Hercules Powder Co., 4 N.J. 157 (1950), which quoted from Prudential Insurance Co. of America v. Laval, 131 N.J. Eq. 23, 26 (Ch. 1942):
There is to be perceived in the Workmen's Compensation Act, * * *, a clear legislative intent to establish a scheme for the compensation of an injured employee or his surviving dependents by the employer or its insurance carrier on the one hand, and on the other to give the latter a right to reimbursement for the compensation so paid by them out of any damages which may be recovered from the third-party tort feasor liable for the employee's injuries and resultant death. * * * This right is derived from what may be termed the employer's or his insurance carrier's "statutory subrogation," under section 34:15-40 of this act, * * *.
Also, as stated in Larson on Workmen's Compensation, §§ 71.10 and 71.20:
*396 The concept underlying third party actions is the moral idea that the ultimate loss from wrongdoing should fall upon the wrongdoer.
* * * every mature loss-adjusting mechanism must look in two directions: it must make the injured person whole and it must also seek out the true wrongdoer whenever possible.
It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and his common law recovery. [Commissioners of State Insurance Fund v. Schell, 23 App. Div.2d 556, 256 N.Y.S.2d 638].
The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess.
The right of the claimant to keep the double recovery must not be confused with the right to collect the double recovery subject to the obligation to pay over to the employer or carrier the amount of the latters compensation outlay. [Emphasis added]
Plaintiff relies on subparagraph (g) which he reads to bar the employer from recovering on his lien for failure to file timely notice of said lien before settlement. However, such a view misconstrues the underlying legislative policy as set forth above.
Subparagraph (g) merely prevents the employer from bringing subrogation-type actions against the negligent third party, when the employee has done so.
Instead, subparagraph (d) applies the rule that an employer's lien against the plaintiff and tortfeasor is not extinguished since he may recover his lien at any time prior to payment, providing proper statutory notice is given.
Subparagraph (d) deals with the relationship between the employer and the employee.
Subparagraph (g) deals with the relationship between the employer and a third-party tortfeasor.
In construing words with a common meaning, the correct statement of the rule is that in the absence of legislative intent to the contrary, common terms in a statute are presumed to have been used in their common sense. See Spano v. Western Fruit Growers, Inc., 83 F.2d 150 (10 Cir.1936); Fedi v. Ryan, 118 N.J.L. 516 (Sup. Ct. 1937); Newark v. Department of Civil Service, 68 N.J. Super. 416 (App. Div. 1961).
*397 Guided by the principles of statutory construction we discern the obvious legislative policy against a double recovery, not only as to the employee but also as to the employer.
"Payment" is not synonymous with "settlement." "Payment" means the act of paying, that is, to discharge indebtedness for; to make disposal of money; to make compensation for. See Webster's Seventh New Collegiate Dictionary; also, 31A Words and Phrases 215, et seq. "Settlement" means to fix or resolve conclusively; to make or arrange for final disposition. See Webster, supra.; also 39 Words and Phrases 65 et seq.
The conclusion to be reached is apparent: subparagraph (d) allows the employer or his carrier to recover monies paid by him to his employee for injuries caused by the wrongful act of a third person, while at the same time protects the third person from paying double damages by requiring the employer or his compensation carrier to serve notice of the compensation lien on the tortfeasor before he pays the employee. This right is qualified to the extent that, in order for it to become operative, the employee must recover from the third person more than he received from the employer as compensation. N.J.S.A. 34:15-40(b).
Subparagraphs (f) and (g) are consistent with this view. Subparagraph (f) allows the employer or his carrier to sue in place of the employee to recover for injuries sustained by the employee against the third person, if the employee fails to bring suit. Subparagraph (g) protects the third person in preventing the employer or his carrier from bringing suit or entering into any type of settlement once an employee has settled or instituted proceedings against him.
The court is also aware of Brenner v. Mount, 7 N.J. Misc. 35, 143 A. 868 (Sup. Ct. 1928), which permitted a double recovery to the injured employee. Here, notice was served prior to settlement, but voided because the contents of the notice itself was contrary to the statute which dictates *398 the contents and the manner of service of notice. The statute provides:
If * * * the employer * * * shall serve notice, as hereinafter provided, upon such third person or his insurance carrier that compensation has been applied for by the injured employee or his dependents * * *.
* * * Service of notice, hereinbefore required to be made by the employer or his insurance carrier upon such third person or his insurance carrier, shall be by registered mail, return receipt * * *. [N.J.S.A. 34:15-40(d)]
The court in Brenner, supra., said:
* * * The only written notice given by the appellant to the third party prior to the date of settlement did not advise the third party of any agreement to pay compensation or of any award for compensation, but on the other hand, negatived by its own language the idea that there was an agreement to pay compensation or an award for compensation. * * *
* * * [I]n order to acquire a right against the third party to be reimbursed by the third party for the compensation paid that "such employer shall file with the third person or corporation so liable, at any time prior to payment, a statement of the compensation agreement or award between himself and his employee," and therefore it was incumbent upon the employer (the appellant here) to follow that procedure, and that he did not do.
Therefore Brenner, properly viewed, supports the lienor's claim since it supports the position of a lien attaching before payment, provided the proper statutory notice is given.
Since "payment" and "settlement" are not synonymous, common sense will dictate that payment could occur only after settlement, and the Legislature obviously intended that the workmen's compensation lien would attach before the money was paid out by the tortfeasor. We must credit the Legislature with the knowledge of the common definition of words used in its own statute.
Based upon the foregoing analysis, it is unnecessary for the third-party defendants to pay the monies owed into court, and therefore we deny Kees' motion since his contentions *399 are moot. We grant New Jersey Manufacturers Insurance Company's motion, and order that all parties to this action honor its compensation lien.