**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2015-19

DANIEL PANCKERI,

    Petitioner-Appellant,

v.

ALLENTOWN POLICE
DEPARTMENT,

    Respondent-Respondent.

Argued February 10, 2021- Decided March 2, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2012-10378.

Patrick L. Cimino argued the cause for appellant (The Tashjy Law Firm, LLC, attorneys; Patrick L. Cimino, of counsel and on the briefs).

Kenneth W. Chamlin argued the cause for respondent (Chamlin Uliano & Walsh, attorneys; Kenneth W. Chamlin, of counsel and on the brief; Andrew T. Walsh, on the brief).

PER CURIAM

Petitioner Daniel Panckeri appeals from a December 3, 2019 order of the Division of Workers' Compensation (Division), enforcing a statutory lien in favor of respondent Allentown Police Department (APD) against the proceeds of his settlement with third-party tortfeasors. We affirm.

The facts are undisputed. On April 15, 2012, Panckeri was working as a police officer for the APD. While rendering assistance at the scene of a motor vehicle accident, Panckeri attempted to stop one of the cars that was rolling into oncoming traffic. Panckeri's left foot was injured in the process.

Panckeri filed a claim for workers' compensation benefits against the APD. On January 21, 2014, a judge of compensation approved an initial settlement of thirty-three and one-third percent permanent disability "[f]or residuals of rupture of the left [A]chilles tendon with surgical repair." The judge allowed $1524 for Panckeri's attorneys' fees and costs on the compensation case.

After the condition of his foot worsened, Panckeri moved to modify the award. See N.J.S.A. 34:15-27. On March 21, 2017, another judge of compensation approved the settlement, increasing Panckeri's permanent disability to forty percent. The judge allowed $844 for Panckeri's attorneys' fees

and costs on the "reopened" compensation matter, for a total of $2368 in attorneys' fees and costs for both compensation cases.

In the meantime, Panckeri filed a complaint in the Law Division, alleging his injuries were caused by the driver and owner of the rolling vehicle. Panckeri settled his claims with both defendants for $99,000, which was reduced by $5000 for his ex-wife's per quod claim. The third-party settlement was reduced by $30,693.39 in attorneys' fees and $1,919.82 in expenses for litigation of the third-party action.

Pursuant to N.J.S.A. 34:15-40 (Section 40), of the Workers' Compensation Act, N.J.S.A. 34:15-1 to -142, the APD reserved its right to assert a lien on both compensation awards against Panckeri's recovery from third-party tortfeasors. Section 40 provides, in relevant part:

> (b)  If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.
>
> . . . .

A-2015-19

(e) As used in this section, "expenses of suit" shall mean such expenses, but not in excess of $750 and "attorney's fee" shall mean such fee, but not in excess of 33 ⅓ % of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding.

The APD asserted a total lien of $53,717.28 for payments made to Panckeri as follows:

- $16,547.13 in temporary disability benefits;

- $16,287.05 in medical benefits;

- $16,560.01 in permanency benefits for the January 21, 2014 settlement; and

- $4,323.09 in permanency benefits for the March 21, 2017 settlement.

[(Emphasis added).]

Pertinent to this appeal, the APD's $20,883.10 combined lien against Panckeri's permanency benefits reflected his gross compensation award. Panckeri disagreed, contending the APD's lien erroneously included $2368 in attorneys' fees and reimbursement costs for litigation of both compensation claims. Accordingly, Panckeri moved before the Division of Workers' Compensation to determine APD's lien pursuant to Section 40.

4

Following argument, the judge of compensation, who had not approved either settlement, reserved decision. Thereafter, the judge issued a comprehensive written decision, rejecting Panckeri's contentions. The judge cogently recounted the undisputed facts, noting the parties agreed Section 40 was triggered by those facts, but the sole issue presented was "whether the [c]ourt must deduct P[anckeri]'s share of fees and costs from the subrogation calculation." In that regard, Panckeri argued his "share of fees and costs is not a compensation or medical benefit[], and thus does not fit the statutory definition of recoverable monies." Conversely, the APD contended "the statutory construction, as well as the longstanding practice in calculating [Section] 40 subrogation rights, require[d] the [c]ourt include the gross award, before fees and costs."[1]

Recognizing resolution of the issue turned on the statutory interpretation of Section 40, the judge reasoned "construction of the parts of any statute must be [made] with reference to the leading idea or purpose of the whole statute, as a statute is passed as a whole and not in parts or sections." Citing our decision

---

1 As the compensation judge aptly noted: "Although practitioners in the Division colloquially use the term[,] 'Section 40 lien,' the statutory rights are actually rights of subrogation, allowing the [employer] to step into the shoes of the [employee] for the third[-]party claim."

in <u>Wager v. Burlington Elevators, Inc.</u>, 116 N.J. Super. 390, 395 (App. Div. 1971), the judge found the legislative intent underscoring Section 40 balanced the employer's duty to compensate its injured employee with its "right to reimbursement for the compensation so paid by [it] out of any damages which may be recovered from the third-party tort-feasor liable for the employee's injuries . . . ." <u>Ibid.</u> Accordingly, the judge noted the employee was not entitled "to keep the double recovery." <u>Id.</u> at 396.

The compensation judge further canvassed New Jersey case law analyzing the more than century-old legislative history of the Act and interpreting Section 40. The judge emphasized the employer's subrogation and reimbursement rights under Section 40 is "statutorily created and generally attaches to 'any sum' recovered by the injured worker from a third[]party, without regard to such equitable considerations as whether the worker has been fully compensated." <u>Lambert v. Travelers Indem. Co. of Am.</u>, 447 N.J. Super. 61, 73 (App. Div. 2016) (citing <u>Primus v. Alfred Sanzari Enters.</u>, 372 N.J. Super. 392, 400 (App. Div. 2004)). The judge elaborated:

> While P[anckeri] argues that costs deducted from the award are not a benefit to [him], as the term benefit is interpreted by case law, the common-sense meaning of benefit, both for the purposes of [Section] 40 and reading [Section] 40 in relation to the entirety of the . . . Act, is . . . to read "benefit" as synonymous with the

"overall recovery." Furthermore, [under] N.J.S.A. 34:15-40(e) the Legislature has expressly defined those costs and fees . . . which may be deducted . . . up to $750. The Legislature set this limit even though expenses of suit in virtually every claim in which there is both a [w]orkers' [c]ompensation action and a related civil action will exceed $750. So, again, the common-sense reading of N.J.S.A. 34:15-40(e) suggests P[anckeri's] interpretation is inconsistent with the intent and purpose of the statute.

Noting "the $750 exemption" under subsection (e) expressly "applies to costs in the civil action," while the Act is "silent" with regard to costs incurred in the workers' compensation matter, the judge declined to "read additional deductions into the plain language of the statute." Citing our Supreme Court precedent, the judge recognized the "caveat against drawing inferences from legislative acquiescence." Garfield Tr. Co. v. Dir., Div. of Taxation, 102 N.J. 420, 431 (1986). But the judge also astutely observed the Court's pronouncement that "[t]he Legislature 'knows how to express its disagreement with case law by amending a statute if it believes a court has misconstrued its intent.'" State v. Galicia, 210 N.J. 364, 382 (2012) (quoting Johnson v. Scaccetti, 192 N.J. 256, 277 (2007)).

Finally, the compensation judge cited the Division's longstanding practice, dating back to "the introduction of the reimbursement requirement." That practice based the employer's Section 40 rights "on the entirety of the

recover[y], without regard to the fees and costs encountered in the [w]orkers' [c]ompensation award."  In that context, the judge observed the Act was most recently amended in 2007, when the Legislature specifically "examined exemptible fees and costs," choosing "only to increase the deductible amount," and "not to include any new interpretation."  Accordingly, the judge concluded that "long acquiescence on the part of the Legislature" implied the Division's practice of including attorneys' fees and costs for the compensation matter did not misconstrue the Legislature's intent.

Panckeri moved for reconsideration, primarily arguing the judge mistakenly interpreted the plain meaning of Section 40.  Unpersuaded at the conclusion of argument, the judge denied Panckeri's motion in an oral decision that accompanied a January 14, 2020 order.[2]  This appeal followed.

On appeal, Panckeri renews the contentions he asserted before the judge of compensation, raising a single point for our consideration:

> LIENS PURSUANT TO N.J.S.A. 34:15-40 MUST EXCLUDE ANY FEES AND COSTS BECAUSE THE LEGISLATURE INTENDED TO PREVENT DOUBLE RECOVERY.

---

[2]  Although Panckeri's notice of appeal only cites the judge's December 3, 2019 order, his attorney clarified at oral argument before us that Panckeri appeals from both others.

To support his argument, Panckeri asserts attorneys' fees and costs were not made for his "benefit or enjoyment" and, as such, they are not "compensation payments" and "cannot be included in the category of benefits constituting a double recovery" under Section 40. Panckeri maintains the judge misconstrued the plain meaning of the statute, and that our decision in Kuhnel v. CNA Insurance Cos., 322 N.J. Super 568 (App. Div. 1999), supports his position.

We have reviewed de novo the sole legal question raised on this appeal in view of Panckeri's contentions and the governing law. See Renner v. AT&T, 218 N.J. 435, 448 (2014); see also Sexton v. Cty. of Cumberland/Cumberland Manor, 404 N.J. Super. 542, 548 (App. Div. 2009) (recognizing we owe "no particular deference to the judge of compensation's interpretation of the law"). We affirm substantially for the reasons articulated by Judge of Compensation Christopher B. Leitner, in his thoughtful and thorough written decision. We add only the following comments.

Panckeri's reliance on Kuhnel is misplaced. In Kuhnel, we considered among other things, the retroactivity of a Chancery Division judgment, declaring a Section 40 lien "shall not include a respondent's portion of a petitioner's attorney and expert fees, an employer or insurer's expenses for a defense medical examination, or rehabilitative nursing services unless such nursing services

'primarily benefitted the employee and were reasonably necessary to the injured employee's recovery.'" 322 N.J. Super. at 573. The parties did not challenge the Chancery Division judge's interpretation of Section 40. Id. at 578. Nor did we address in Kuhnel the issue raised on appeal in the present matter. See id. at 572-73.

Nonetheless, Panckeri cites the following portion of our decision in Kuhnel to support his argument:

> [T]he lien asserted by an employer or its workers' compensation insurance carrier in a workers' compensation matter pursuant to [Section 40] against any recovery in a third-party action shall consist only of medical expenses incurred and compensation paid, and said compensation shall not include the respondent's portion of the petitioner's attorneys' fees nor the respondent's portion of the petitioner's experts' fees.
>
> [Id. at 576 (emphasis added).]

Seizing on the language we now emphasize, Panckeri argues the petitioner's portion of counsel fees and costs likewise must be excluded from the APD's Section 40 lien in the present matter. We disagree. In Kuhnel, we addressed only the respondent employer's share of fees and costs. Ibid. Notably, we held expenses that "benefitted the employee" are included in the employer's Section 40 lien. Id. at 573. Although we were not asked to consider the

petitioner's counsel fees and costs, we noted that the insurance carrier's Section 40 lien "included, among other things, the portions of Kuhnel's counsel fees and other fees and costs which were assessed against [the employer] by the compensation court." Id. at 574.

Moreover, we decided Kuhnel eight years before Section 40 was amended. As the compensation judge correctly recognized, the 2007 amendment made no mention of the petitioner's portion of attorneys' fees and costs. See L. 2007, c. 23, § 1. We further agree with the judge that had the Legislature intended to include the petitioner's fees and costs in Section 40, it could have done so through the 2007 amendment or at any other time in the Act's one-hundred and ten-year history. See Galicia, 210 N.J. at 382. Panckeri's concededly novel argument "is best left for consideration by the Legislative and Executive branches of government." In re Declaratory Judgment Actions Filed by Various Municipalities, 446 N.J. Super. 259, 267 (App. Div. 2016); see also State v. Saavedra, 433 N.J. Super. 501, 525 (App. Div. 2013).

To the extent not specifically addressed, Panckeri's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2015-19