IN THE MATTER OF ANDREW A. GIOIA, AN ATTORNEY
AT LAW.

September 28, 1982.

*Lawrence B. Litwin* argued the cause for the District X Ethics Committee.

Respondent appeared accompanied by his attorney, *James M. Cerra.*

### ORDER OF PUBLIC REPRIMAND

The Disciplinary Review Board having filed a report recommending that ANDREW A. GIOIA of South Lake Hopatcong be publicly reprimanded for taking an attorney's fee in violation of *DR* 1–102(A)(6) and that he be required to reimburse the Administrative Office of the Courts for appropriate administrative costs incurred in the prosecution of this matter, and this Court having reviewed the entire record, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that ANDREW A. GIOIA be and

hereby is publicly reprimanded for his violation of *DR* 1–102(A)(6); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of this matter, be added as a permanent part of the file of said ANDREW A. GIOIA as an attorney at law of the State of New Jersey, and it is further

ORDERED that ANDREW A. GIOIA reimburse the Administrative Office of the Courts for appropriate administrative costs in this matter.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District X Ethics Committee. The complaint may be summarized as follows:

SPINAPOLICE COMPLAINT

Respondent was retained by Stephen Fredericks to represent him in connection with two personal injury suits both of which were settled prior to trial. Subsequently, a claim arose against Mr. Frederick's insurance carrier for P.I.P. benefits which was also settled by respondent for $1,000. Out of this sum Mr. Fredericks sought reimbursement for out-of-pocket expenses of $160. for a cervical collar and a doctor's report. Additionally, there was an outstanding bill in the amount of $535. for medical treatment rendered by complainant.

On November 7, 1980, respondent forwarded to complainant a check in the amount of $356.66 accompanied by a letter which stated as follows:

"Dear Dr. Spinapolice:

Enclosed please find our trust check in the amount of $356.66 which represents two-thirds of your bill in connection with the above patient. Inasmuch as we were successful in recovering the total amount of your bill, a fee of one-third was deducted to cover the costs and our services for filing suit.

Thank you for your attention and cooperation in this matter."

Complainant advised respondent that this one-third deduction was unacceptable, and complainant's attorney informed respondent by letter that unless the balance of the fee was remitted further action would be taken. Respondent failed to either forward the balance of the fee himself or refer the complainant to his client, Mr. Fredericks, for payment of the outstanding balance.

Respondent conceded that he did not at any time purport to represent the complainant and that his November 7, 1980 letter was inartfully drawn. Respondent maintained, however, that at no time did he seek to collect a fee from the complainant and that the settlement figure of $1,000. was disbursed as follows: after deducting costs and a 50% fee, the sum of $160. was paid to Mr. Fredericks and the balance was sent to the complainant. At the hearing, however, respondent admitted that the above figures did not work arithmetically on the basis of a 50% fee and that in fact his fee was slightly over 40%. Respondent further admitted that the amount forwarded to the complainant did represent exactly 66⅔% of the entire bill. Respondent was unable to explain the discrepancy between the amount of the fee he claimed and the amount he actually took. Respondent was further unable to explain why the wording in his November 7, 1980 letter corresponded exactly with the actual amount of the check forwarded if in fact he was not collecting a fee from complainant.

## CONCLUSION AND RECOMMENDATION

Upon review of the full record, the Board is satisfied that the conclusions of the Committee in finding unethical conduct on the part of respondent are fully supported by clear and convincing evidence.

Respondent was under no obligation to guarantee complainant's bill, and could have avoided this situation by forwarding the entire balance of the settlement directly to his client. Additionally, once the dispute arose concerning payment of the

doctor's fee, respondent made no attempt to resolve the matter with either the complainant doctor or his client. Furthermore, respondent's letter of November 7, 1980 as well as the actual breakdown of the settlement indicate an intent to collect a fee from complainant.

The facts demonstrate that respondent secured his own fee by the unilateral reduction of the doctor's fee through the claim of a non-existent attorney-client relationship. The Board therefore agrees that respondent's actions were highly improper, and that respondent has engaged in conduct which adversely reflects on his fitness to practice law in violation of *DR* 1–102(A)(6). Given the evidence presented, the Board further concludes that respondent was less than candid with the Committee and the Board.

The Board thus recommends that respondent be publicly reprimanded for his conduct in this case. The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/   A. Arthur Davis, 3rd
A. Arthur Davis, 3rd
Chairman

DATED: August 18, 1982