189 N.J. Super. 160 (1983)
459 A.2d 686
ROSE DANESI AND RINALDO DANESI, PLAINTIFFS-RESPONDENTS,
v.
AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1983.
Decided March 30, 1983.
Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
*161 Joseph J. Garvey argued the cause for appellant American Manufacturers Mutual Insurance Company (Lomell, Muccifori, Adler, Ravaschiere and Amabile, attorneys; Joseph J. Garvey on the brief).
Joseph L. Gijanto argued the cause for respondents (Shebell & Schibell, attorneys; Richard D. Schibell, of counsel; Sandra De Sarno Hlatky on the brief).
The opinion of the court was delivered by J.H. COLEMAN, J.A.D.
This appeal addresses the novel issue of whether an employer or its workers' compensation insurance carrier that has paid workers' compensation benefits pursuant to N.J.S.A. 34:15-8 et seq. is entitled to reimbursement from a recovery obtained from a third-party tortfeasor where the statutorily created lien has not been perfected pursuant to N.J.S.A. 34:15-40(d). Succinctly put, the question presented is whether the lien must be perfected before the right to reimbursement comes into existence. The lower court held that perfecting the lien is a prerequisite to the right of reimbursement from the employee. We disagree and reverse.
The facts pertinent to our decision are not disputed. On October 11, 1977 Rose Danesi (plaintiff) sustained personal injuries when she fell down some stairs while working for Michelle-Rena Fashions, Inc. On September 28, 1979 she was awarded $8,657.50 in workers' compensation benefits. On November 28, 1978 plaintiff and her husband instituted an action in the Law Division against Paul and Minnie Barrett as third-party tortfeasors for the injuries suffered by plaintiff on October 11, 1977. The same law firm represented plaintiff in both actions. Plaintiff's attorney advised defendant on June 18, 1980 that a third-party complaint had been filed and that he would keep defendant informed of developments. Plaintiff's attorney settled the third-party case for $15,000. In response to an inquiry from plaintiff's attorney on April 16, 1981, defendant advised that $5,025 was the net amount necessary to satisfy plaintiff's obligation *162 to reimburse her employer or its workers' compensation insurance carrier, the defendant herein. Notwithstanding the settlement of the third-party case, defendant has not been reimbursed. Defendant never filed a written lien pursuant to N.J.S.A. 34:15-40 before the settlement.
Subsequent to the settlement, plaintiffs filed the within action in the Chancery Division seeking a declaratory judgment that defendant is not entitled to reimbursement because it failed to file a written notice of lien pursuant to N.J.S.A. 34:15-40. The trial court entered summary judgment in favor of plaintiffs. He concluded that the right of reimbursement is barred unless the written notice of lien is filed with the third-party tortfeasor or his carrier by registered mail before payment is made to the employee. Defendant filed a notice of appeal from the summary judgment and denial of a motion for reconsideration held on December 18, 1981. That appeal bears Docket A-1968-81T3. Defendant also filed another notice of appeal from the summary judgment and an order dated January 4, 1982 denying a second motion for reconsideration. The latest appeal bears Docket A-2207-81T3. These appeals have been consolidated.
The Workers' Compensation Act, as originally enacted in 1911 (L. 1911, c. 95), made no provisions for the reimbursement of the employer or his worker's compensation insurance carrier out of the proceeds of any recovery from the third party responsible for the employee's injury or death. The third-party recovery could not be used to satisfy even the yet unpaid worker's compensation benefits previously awarded. United States Cas. Co. v. Hercules Powder Co., 4 N.J. 157, 163 (1950); Henry Steers, Inc. v. Turner, etc., Co., 104 N.J.L. 189, 193 (E. & A. 1927). Thus prior to legislative amendments discussed hereinafter, an employee could retain both worker's compensation benefits and the proceeds recovered from a third-party action. Newark Paving Co. v. Klotz, 85 N.J.L. 432 (Sup.Ct. 1914), aff'd 86 N.J.L. 690 (E. & A. 1914).
Recognizing the harshness and inequity of the act, the Legislature amended the act in 1913 (L. 1913, c. 174, § 8) to provide *163 for three changes where there is a third-party recovery for the same injuries and losses covered by the worker's compensation award. These changes (1) proportionately extinguished the employer's obligation to pay further compensation upon payment by the third-party tortfeasor, (2) created a right of reimbursement for worker's compensation paid and (3) created a lien, when perfected, to secure reimbursement to the employer.
With minor changes in 1931 (L. 1931, c. 279, § 3); 1936 (L. 1936, c. 162, § 1); 1951 (L. 1951, c. 169, § 1) and in 1956 (L. 1956, c. 141, § 6), further refining the right to reimbursement, the controlling legislative enactments became codified as N.J.S.A. 34:15-40.
The pertinent provisions of that statute provide:
Where a third person is liable to the employee or his dependents for an injury or death, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein. In the event that the employee or his dependents shall recover and be paid from the said third person or his insurance carrier, any sum in release or in judgment on account of his or its liability to the injured employee or his dependents, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.
(a) The obligation of the employer or his insurance carrier under this statute to make compensation payments shall continue until the payment, if any, by such third person or his insurance carrier is made.
(b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.
(c) If the sum recovered by the employee or his dependents as aforesaid is less than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be liable for the difference, plus the employee's expenses of suit and attorney's fee as hereinafter defined, and shall be entitled to be reimbursed, as hereinafter provided for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents as exceeds the amount of such difference plus such employee's expenses of suit and attorney's fee.
(d) If at any time prior to the payment by the third person or his insurance carrier to the injured employee or his dependents, the employer or his insurance carrier shall serve notice, as hereinafter provided, upon such third person or his insurance carrier that compensation has been applied for by the injured employee or his dependents it shall thereupon become the duty of such third person or *164 his insurance carrier, before making any payment to the injured employee or his dependents, to inquire from such employer or his insurance carrier the amount of medical expenses incurred and compensation theretofore paid to the injured employee or to his dependents. Where such notice shall have been served, it shall further become the duty of such third person or his insurance carrier, before making any payment as aforesaid, to inquire from such injured employee or his dependents the amount of the expenses of suit and attorney's fee, or either of them in the action or settlement of the claim against such third person or his insurance carrier. Thereafter, out of that part of any amount about to be paid in release or in judgment by such third person or his insurance carrier on account of his or its liability to the injured employee or his dependents, the employer or his insurance carrier shall be entitled to receive from such third person or his insurance carrier so much thereof as may be due the employer or insurance carrier pursuant to subparagraph (b) or (c) of this section. Such sum shall be deducted by such third person or his insurance carrier from the sum to be paid in release or in judgment to the injured employee or his dependents and shall be paid by such third person or his insurance carrier to the employer or his insurance carrier. Service of notice, hereinbefore required to be made by the employer or his insurance carrier upon such third person or his insurance carrier, shall be by registered mail, return receipt and in cases other than an individual shall be mailed to the registered office of such other third person or his insurance carrier.
The trial judge construed the statute to require written notice of the lien to be filed before payment to the employee; otherwise, the right to reimbursement is barred. In so doing he failed to follow established rules of statutory construction. A court should not construe a clause in a statute in such a manner as to render impotent the clear intention of the whole act. State v. McCall, 14 N.J. 538, 545 (1954). Sections of a statute should be construed in their relation and interaction with other sections of the same statute. N.Y. State Realty & Terminal Co. Appeal, 21 N.J. 90, 98 (1956). A statute must not be construed so as to lead to an unreasonable, absurd or anomalous result. Citizens for Charter Change, etc. v. Caputo, 151 N.J. Super. 286 (App.Div. 1977). Finally, absent a clear statement of legislative intent, the judicial goal is to effectuate the intent contemplated by the statute by reference to the language of the statute as amended in the context of the historical circumstances surrounding the amendments. Salz v. State House Comm'n, 18 N.J. 106 (1955). No legislative history accompanied N.J.S.A. 34:15-40.
The reason for a statute's enactment is one of the most certain means of establishing the true sense of its terms. Caputo *165 v. The Best Foods, 17 N.J. 259, 264 (1955). Passage of the 1913 amendment was the Legislature's response to the oversight in the act of 1911 which allowed a worker to retain the worker's compensation award and the proceeds from a third-party recovery. See Newark Paving Co. v. Klotz, supra.
The general purpose of N.J.S.A. 34:15-40 was succintly stated in Prudential Ins. Co. v. Laval, 131 N.J. Eq. 23 (Ch. 1942). The court said:
There is to be perceived in the Workmen's Compensation Act, supra, a clear legislative intent to establish a scheme for the compensation of an injured employee or his surviving dependents by the employer or its insurance carrier on the one hand, and on the other to give the latter a right to reimbursement for the compensation so paid by them out of any damages which may be recovered from the third-party tort feasor liable for the employee's injuries and resultant death. Scheno Trucking Co., Inc., v. Bickford, 115 N.J. Eq. 380; 170 Atl. Rep. 881; affirmed, 116 N.J. Eq. 586; 174 Atl. Rep. 545 [548]; Savitt v. L. & F. Construction Co., 124 N.J.Law 173; 10 Atl. Rep. (2d) 728. This right to reimbursement from such third party recovery is derived from what may be termed the employer's or his insurance carrier's "statutory subrogation," under section 34:15-40 of that act, .... [at 26]
By application of established principles of statutory construction to N.J.S.A. 34:15-40, the legislative scheme which emerges is a plan to permit an injured worker to collect worker's compensation benefits and pursue his common law remedy against the third-party tortfeasor. Subsection (b), however, obligates the employee or his dependents to reimburse the employer or its worker's compensation insurance carrier when the employee or his dependents recover from the third-party tortfeasor or his insurance carrier. The amount of the reimbursement is determined by reference to subsections (c), (d) and (e).
Plaintiff's contention that the right to reimbursement does not come into existence unless the notice of lien is filed pursuant to subsection (d) is unpersuasive. This contention flies in the face of the clear and unambiguous language of the statute. N.J.S.A. 34:15-40(d) outlines the procedure for perfecting a statutory lien against the third-party recovery. This statutorily created lien is intended to provide a measure of security to insure payment of the underlying obligation  the reimbursement. *166 This lien is distinct from the obligation it secures. When the lien is perfected it becomes security for the payment of the underlying obligation to reimburse rather than creating the underlying obligation. This is so because the very nature of a lien is security for the performance of some act or obligation. Black's Law Dictionary (rev. 4 ed.), at 1072. See Kalio Universal, Inc. v. B.A.M., Inc., 95 N.J. Super. 393 (App.Div. 1967). Failure to perfect the lien generally does not affect the underlying obligation intended to be secured thereby.[1] Consequently, the failure to perfect the lien pursuant to subsection (d) means that neither the third-party tortfeasor nor his insurance carrier can be compelled to pay over any of the third-party recovery proceeds to defendant. But under the facts of this case, the failure to perfect the lien does not alter plaintiff's statutory obligation to reimburse his employer or its worker's compensation insurance carrier. This is so because the Legislature never intended extinguishment of the reimbursement obligation where the lien, which is the security, is not perfected. That would indeed be an anomalous as well as an absurd result.
Plaintiff also argues that Brenner v. Mount, 7 N.J. Misc. 35 (Sup.Ct. 1928), supports her claim that she is not obligated to make reimbursement. We disagree. Brenner decided that where the lien has not been perfected, the third-party tortfeasor or his insurance carrier is not obligated to withhold any of the proceeds from the third-party recovery for payment to the employer or its worker's compensation insurance carrier. We agree with that holding. But Brenner did not address the issue of whether the employee is obligated to make reimbursement when the lien is not perfected. We now answer that question in the affirmative.
Plaintiff further argues that she should be permitted to retain a double recovery. We answered this assertion in Montedoro v. *167 Asbury Park, 174 N.J. Super. 305 (App.Div. 1980). There we stated
[T]he fundamental policy expressed in N.J.S.A. 34:15-40 is to limit an injured employee to that which the common law entitles him as long as that amount is greater than worker's compensation benefits for the same injury; it assumes such recovery to represent the most to which he is entitled. Anything in addition thereto, i.e., the payments received on account of worker's compensation, are to be returned to the employer or his carrier. Nothing in the situation with which we are confronted suggests why the same relationship between employer and injured employee should not obtain here. [at 310]
2A Larson, Workmen's Compensation Law, § 71.20 also disapproves of double recovery except in a few rare instances not here involved. Also see Schweizer v. Elox Div. of Colt Industries, 70 N.J. 280, 287-288 (1976).
In view of our decision reversing the summary judgment in favor of plaintiffs, we do not reach the remaining issues raised on this appeal.
Accordingly, the summary judgment for plaintiffs is reversed. The matter is remanded to the Chancery Division for entry of a declaratory judgment that defendant is not barred from recovering reimbursement from the employee by reason of its failure to perfect the lien.
NOTES
[1] There might be some situations where failure to perfect the lien can raise equitable defenses which might entitle an employee to retain the compensation award and the third party recovery.