255 N.J. Super. 415 (1992)
605 A.2d 705
SELECTIVE INSURANCE CO. OF AMERICA, PLAINTIFF-APPELLANT,
v.
JOHN A. RONZO, LORBER, SCHNEIDER, NUZZI, VICHNESS & BILINKAS, AND THOMAS W. GATTIS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1992.
Decided February 10, 1992.
*416 Before Judges GAULKIN, BRODY and MUIR, Jr.
Philip L. Geibel argued the cause for appellant (Isaacson, Dougherty & Zirulnik, attorneys; Philip L. Geibel, on the brief).
Brian W. Mason argued the cause for respondent Charles S. Lorber (Lorber, Schneider, Nuzzi, Vichness & Bilinkas, attorneys; Brian W. Mason, of counsel and on the brief).
No brief was filed on behalf of respondents John A. Ronzo and Thomas W. Gattis.
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiff is a workers' compensation insurance carrier. Defendant John Ronzo, one of its insured's workers, sustained a compensable injury in an accident with defendant Thomas Gattis.[1] Defendant Charles Lorber, Esq. (defendant), is an attorney who represented Ronzo in a third-party liability action against Gattis. That action settled for $37,500, which defendant disbursed to Ronzo without reimbursing plaintiff for the workers' compensation benefits that it had paid. Ronzo did not *417 thereafter reimburse plaintiff and he died insolvent. Although plaintiff had perfected a lien against Gattis in the amount of $3,235.52 for the reimbursement, it sought judgment only against defendant, whom it considered to be ultimately liable.
The case was tried without a jury. The evidence consisted of a stipulation of facts and defendant's testimony. The trial judge found that although defendant had known before he disbursed the settlement proceeds that plaintiff held a lien against Gattis for reimbursement, he did not then know the amount of the lien. He held that defendant was therefore not liable to plaintiff.
The parties stipulated that plaintiff's office records contain the following entry made before the proceeds were disbursed:
Called claimant's attorney. Talked to Myra. Advised her of the amount of our lien.
Defendant acknowledged that Myra is a secretary in his office "involved with negligence files." When asked whether Myra ever told him the amount of plaintiff's lien, defendant testified, "I don't believe she ever told me that."[2]
Plaintiff argues in this appeal that the trial judge should have held that defendant is liable for the reimbursement because he or his office knew of the lien before he made the disbursement to his client. We disagree. Unless defendant owed plaintiff a fiduciary duty, he is not liable for failing to reimburse plaintiff from the proceeds of the settlement. In In re Gioia, 91 N.J. 378, 450 A.2d 1328 (1982), an attorney was disciplined who disbursed part of a PIP settlement directly to his client's medical doctor to pay the doctor's fee. The attorney had deducted a portion of what was due the doctor as his own fee even though he did not represent the doctor. The Court held that it was unethical for the attorney to have charged the doctor a legal fee, and said that the attorney "could have *418 avoided this situation by forwarding the entire balance of the settlement directly to his client." Id. at 380, 450 A.2d 1328. Without more, an attorney who simply knows of a client's debt has no duty to pay the creditor from the proceeds of a settlement.
It is clear from the evidence, however, that defendant had a fiduciary duty to Gattis's carrier to satisfy plaintiff's compensation lien from the proceeds of the settlement. Defendant knew that because plaintiff had perfected its lien against Gattis, Gattis's carrier could have to pay the amount of the lien twice unless it directly paid plaintiff from the proceeds of the settlement. N.J.S.A. 34:15-40(d). Defendant testified that before sending him the settlement check, the "attorney for Gattis or the carrier called and requested that they be released from any amounts that might be due the comp carrier." Thereafter, Gattis's carrier sent the full settlement check to defendant. The inference is irresistible that defendant induced Gattis's carrier to send him the entire amount of the settlement in reliance on his assurance as an attorney that he would satisfy the lien from the proceeds. A "member of the bar owes a fiduciary duty to persons, though not strictly clients, who he knows or should know rely on him in his professional capacity." Albright v. Burns, 206 N.J. Super. 625, 632-633, 503 A.2d 386 (App.Div. 1986).
Defendant denied that he had ever represented to plaintiff "that the comp lien would be satisfied out of the settlement before monies were distributed to Mr. Ronzo." However, he neither admitted nor expressly denied having made such a representation to the attorney for Gattis's carrier. He testified that when he disbursed the proceeds of the settlement, Ronzo promised to pay the lien. Defendant argues that Gattis's carrier inferentially agreed that Ronzo assume sole responsibility to satisfy the lien as demonstrated by the following language appearing in the written release of Ronzo's third-party *419 claim that the carrier had received before it sent defendant the settlement check:
I shall satisfy the lien held by my workers compensation carrier, Selective Insurance Company of America, Claim # A XXXXXXXX-X-XXX, out of the proceeds of this settlement.
It cannot be inferred that by receipt of that release the attorney for Gattis's carrier agreed that defendant would discharge his undertaking to "release the lien" by merely asking Ronzo to reimburse plaintiff. After all, Ronzo was already obliged by statute to reimburse plaintiff without the need for his agreement to do so. Danesi v. American Mfrs. Mut. Ins. Co., 189 N.J. Super. 160, 165-166, 459 A.2d 686 (App.Div. 1983), certif. den. 94 N.J. 544, 468 A.2d 194 (1983). His promise to reimburse plaintiff would not lessen the need of the attorney for Gattis's carrier to protect his client from having to pay twice.
The last issue is whether plaintiff may recover against defendant for violating a duty to Gattis. The alternative would require plaintiff to pursue its claim against Gattis, a person plaintiff considered an innocent victim, and then require Gattis to bring a claim against defendant for indemnification. A judgment may be entered against a defendant who is not in privity with the plaintiff in order to avoid a circuity of action. Maryland Cas. Co. v. N.J. Mfrs. etc., Ins. Co., 48 N.J. Super. 314, 328, 137 A.2d 577 (App.Div. 1958), aff'd 28 N.J. 17, 145 A.2d 15 (1958).
Reversed and remanded for the entry of judgment in the amount of $3,235.52 in favor of plaintiff and against defendant Charles Lorber.
NOTES
[1] Ronzo died of other causes after this action was commenced.
[2] Defendant testified that he was in Florida when the disbursement was made. He had authorized others in his office to make the disbursement.