763 A.2d 785

LIBERTY MUTUAL INSURANCE CO., PLAINTIFF–RESPON-
DENT, v. ROBERT CRESSMAN, DEFENDANT, AND
BRUCE T. ROYAL, DEFENDANT–APPELLANT.

Superior Court of New Jersey Appellate Division

Submitted November 14, 2000—Decided December 22, 2000.

Before Judges CIANCIA, ALLEY and LANDAU.

Appellant Bruce T. Royal submitted a pro se brief.

*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys for respondent (*Arthur J. Raimon,* of counsel and on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D. (retired and temporarily assigned on recall).

Plaintiff Liberty Mutual Insurance Company (Liberty Mutual) filed a complaint in the Law Division to enforce its statutory lien, *N.J.S.A.* 34:15–40, for recovery of Worker's Compensation benefits paid to defendant Robert Cressman (Cressman) out of the proceeds of a third-party tort action successfully initiated by defendant Bruce T. Royal (Royal), a Pennsylvania attorney. Acknowledging Royal's right to retain one-third of the tort action recovery pursuant to *N.J.S.A.* 34:15–40(b) and (e), Liberty Mutual sought $20,065.34 under its lien.

Liberty Mutual failed to serve Cressman, but effected service upon defendant Royal, who had been holding Cressman's funds in trust. Royal answered the complaint, asserting that the funds were being held in his trust account for Cressman and were not his to disburse. He disclaimed any independent obligation to Liberty Mutual, and contended that he was unable to locate his client, Cressman.

On cross-motions for summary judgment, the motion judge entered judgment for Liberty Mutual against Royal personally, in the amount of the lien plus interest. On Royal's appeal, we conclude that nothing in the record presented is sufficient to alter Cressman's obligation to reimburse his employer or its worker's compensation carrier for compensation benefits previously received to the extent of $20,065.34 as contemplated by *N.J.S.A.* 34:15–40.

Contrary to Royal's argument, Liberty Mutual violated no duty to Cressman by failing sufficiently to secure the employer's cooperation in aiding Cressman's tort action. We read no such condition in the language of *N.J.S.A.* 34:15-40.

New Jersey has repeatedly emphasized the strong legislative policy to prevent double recovery where worker's compensation benefits have been recovered. *Weir v. Market Transition Facility,* 318 *N.J.Super.* 436, 444, 723 *A.*2d 1231 (App.Div.), *certif. denied,* 160 *N.J.* 477, 734 *A.*2d 792 (1999); *Frazier v. New Jersey Mfrs. Ins. Co.,* 276 *N.J.Super.* 84, 647 *A.*2d 472 (App.Div.1994), *aff'd* 142 *N.J.* 590, 667 *A.*2d 670 (1995); *N.J.S.A.* 34:15-40(b). This policy is fortified by imposing a statutory lien in favor of the employer or insurer that has paid the benefits. *N.J.S.A.* 34:15-40(d). *Danesi v. American Mfrs. Mut. Ins. Co.,* 189 *N.J.Super.* 160, 163, 459 *A.*2d 686 (App.Div.), *certif. denied,* 94 *N.J.* 544, 468 *A.*2d 194 (1983).

The statute reserves from the lien, for the protection of the plaintiff's attorney in a successful third party action, a fee not to exceed one-third of the amount of the tort claim recovery which is subject to the lien. *N.J.S.A.* 34:15-40(e). However, the employer or its insurer is entitled to reimbursement of compensation payments from the third-party tort case proceeds pursuant to subsection (b) of *N.J.S.A.* 34:15-40, even when the notice-of-lien procedure allowed under subsection (d) of the statute has not been utilized. This is because the lien is distinct from the obligation it secures, and the reimbursement obligation is statutory. *Danesi, supra,* 189 *N.J.Super.* at 165–66, 459 *A.*2d 686.

In short, on the record before us, had service been effected upon Cressman, judgment for Liberty Mutual would clearly have been indicated. Indeed, subject to the conditions set forth *infra,* it is likely that such judgment will be forthcoming. Our disagreement with the judgment as entered below arises because it was entered personally against Royal, an attorney who is holding the statutorily requisite two-thirds of Cressman's tort recovery in his trust account.

 Absent some equitable basis, such as inducing to its detriment Liberty Mutual's reliance upon his representation that the lien would be satisfied, a personal judgment should not have been entered against Royal. "Without more, an attorney who simply knows of a client's debt has no duty to pay the creditor from the proceeds of a settlement." *Selective Ins. Co. v. Ronzo*, 255 *N.J.Super.* 415, 418, 605 *A.*2d 705 (App.Div.1992). In *Ronzo, supra,* we held that representations made to the third party's insurer by the injured worker's attorney created a fiduciary duty not to disburse the funds in his hands. *Ibid.* No such circumstances appear on this record because Royal has not disbursed the funds that he represents are held in trust and it does not appear that he made any false representations to the insurer.

Here, Royal is a mere stakeholder and should not have been burdened with a personal judgment.[1] Accordingly, we reverse the judgment entered against him to the extent it speaks to Royal personally, rather than as trustee of funds held for his client's benefit. We hold, however, that the funds being held by Royal in trust, including interest earned thereon, shall be deposited with the Clerk of the Court forthwith pursuant to *R.* 4:57–1, 2, to be held pending completion of the following conditions.

(1) Service of the complaint in this matter, along with a copy of this decision, shall be made upon Cressman pursuant to the provisions of *R.* 4:4–5 as for an interest in the specific property held in trust.

(2) If the Law Division is satisfied that mail or personal service cannot be effected, and that there has been compliance with *R.* 4:4–5, including *R.* 4:4–5(c), and if Cressman has failed to answer, default may be entered and judgment rendered for Liberty Mutual in the amount of $20,065.34, plus any interest earned on that sum while held in trust by Royal and pursuant to Rule while held by the Clerk.

(3) In the event Cressman answers, the matter may be resolved summarily by motion pursuant to *R.* 4:46 or *R.* 4:67 in the discretion of the trial judge.

The judgment under review is reversed and the matter remanded for further proceedings consistent with this opinion.

---

[1] Royal could have, but did not, file a cross-claim or counterclaim in interpleader under *R.* 4:31.