**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1194-22

NEW JERSEY TRANSIT CORP.,

    Plaintiff-Appellant,

v.

DARSHELLE JOSEPH,

    Defendant-Respondent.

_____

Argued February 27, 2024 – Decided March 19, 2024

Before Judges Whipple and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5526-22.

Shawn Christian Huber argued the cause for appellant (Brown & Connery, LLP, attorneys; Shawn Christian Huber, on the briefs).

Paula Cristina Nunez argued the cause for respondent (Lord, Kobrin, Alvarez & Fattell, LLC, attorneys; Michael Alvarez, of counsel and on the brief).

PER CURIAM

In this appeal, an employer challenges a trial court order denying as premature its application for satisfaction of its worker's compensation lien upon settlement of the injured employee's action regarding a third-party tortfeasor. We vacate and remand the order.

On October 23, 2019, defendant Darshelle Joseph was injured during the course, and within the scope, of his employment with plaintiff New Jersey Transit Corp. (NJ Transit). Joseph brought a worker's compensation action against NJ Transit and a third-party action against the tortfeasor involved in the accident (underlying action). By letter dated November 11, 2019, NJ Transit's worker's compensation insurance carrier notified Joseph of its "legal right to recover all money paid on your worker's compensation claim" from the third-party potentially liable for Joseph's injuries. In this letter, the carrier also requested of Joseph, "[i]f you have retained an attorney to represent you with your third[-]party claim, please call and notify us immediately." There is no indication in the record whether Joseph so notified either NJ Transit or its carrier, or whether NJ Transit had any information regarding the underlying action.

NJ Transit paid a total of $7,112.90 in worker's compensation benefits to Joseph, comprising $4,617.60 in wage loss (indemnity) payments and

2

$2,495.30 for medical expenses. In December 2021, Joseph settled with his uninsured motorist (UM) insurance carrier for $14,000, in the underlying action. Joseph's counsel disbursed the full $14,000 settlement amount—less counsel's fees ($4,661.63) and costs ($15.10) totaling $4,676.73—to Joseph. The worker's compensation case between NJ Transit and Joseph remains pending.

On September 16, 2022, NJ Transit filed a verified complaint and order to show cause, seeking reimbursement of its statutory worker's compensation lien. The trial court granted the order to show cause on September 19, 2022. The parties submitted letter-briefs, and the trial court—without hearing oral arguments—denied NJ Transit's application as premature on November 15, 2022.

This appeal timely followed.

We review de novo a trial court's conclusions of law. Balsamides v. Protameen Chemicals, 160 N.J. 352, 372 (1999); see also Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995). In determining the meaning of a statute, the first step is always to consider its plain language. Oberhand v. Dir., Div. of Tax'n, 193 N.J. 558, 568 (2008). "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best

indicator of that intent is the statutory language." <u>Kocanowski v. Twp. of Bridgewater</u>, 237 N.J. 3, 9 (2019) (quoting <u>DiProspero v. Penn</u>, 183 N.J. 477, 492 (2005)).

N.J.S.A. 34:15-40 states in relevant part:

> In the event that the employee . . . shall recover and be paid from [a third person liable to the employee for injury] . . . any sum in release or in judgment on account of [their] . . . liability to the injured employee . . . , the liability of the employer under this statute thereupon shall be only such as is hereinafter . . . provided.
>
> . . . .
>
> (b) If the sum recovered by the employee . . . from the third person . . . is equivalent to or greater than the liability of the employer . . . under this statute, the employer . . . shall be released from such liability and shall be entitled to be reimbursed . . . for the medical expenses incurred and compensation payments theretofore paid to the injured employee . . . less employee's expenses of suit and attorney's fee as hereinafter defined.
>
> (c) If the sum recovered by the employee . . . as aforesaid is less than the liability of the employer . . . under this statute, the employer . . . shall be liable for the difference, plus the employee's expenses of suit and attorney's fee as hereinafter defined, and shall be entitled to be reimbursed, as hereinafter provided[,] for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employee . . . as exceeds the amount of such

difference plus such employee's expenses of suit and attorney's fee.

(d)  If at any time prior to the payment by the third person . . . to the injured employee . . . the employer . . . shall serve notice . . . upon such third person . . . that compensation has been applied for by the injured employee[,] . . . it shall thereupon become the duty of such third person . . . , <u>before making any payment</u> to the injured employee . . . , to inquire from such employer . . . the amount of medical expenses incurred and compensation theretofore paid to the injured employee . . . .  Where such notice shall have been served, it shall further become the duty of such third person . . . , before making any payment as aforesaid, to inquire from such injured employee . . . the amount of the expenses of suit and attorney's fee, or either of them in the action or settlement of the claim against such third person . . . .  Thereafter, out of that part of any amount about to be paid in release or in judgment by such third person . . . on account of [their] liability to the injured employee . . . , the employer . . . shall be entitled to receive from such third person . . . so much thereof as may be due the employer . . . pursuant to subparagraph (b) or (c) of this section.  Such sum shall be deducted by such third person . . . from the sum to be paid in release or in judgment to the injured employee . . . and shall be paid by such third person . . . to the employer . . . .

[N.J.S.A. 34:15-40 (emphasis added).]

NJ Transit argues Joseph must reimburse NJ Transit its statutory lien immediately upon resolution of the underlying action.  NJ Transit also asserts, absent an agreement between the parties that the lien will be paid following

resolution of Joseph's worker's compensation action, the lien must be paid out of the sum recovered from the third-party. NJ Transit urges us to read into the statute and case law a requirement that the employer's statutory lien be satisfied immediately upon resolution of the employee's action with a third-party liable for their injury, regardless of the status of the associated worker's compensation claim.

The Worker's Compensation Act (the Act), N.J.S.A. 34:15-1 to -147, governs "the rights and duties of an employee and employer, as well as those of . . . a third-party tortfeasor," with regard to work-related injuries. Pool v. Morristown Mem'l Hosp., 400 N.J. Super. 572, 575 (App. Div. 2008). It seeks to "'mak[e] benefits readily and broadly available to injured workers through a non-complicated process,' [by] . . . encourag[ing] the employer to make prompt voluntary payments." Greene v. AIG Cas. Co., 433 N.J. Super. 59, 65–66 (App. Div. 2013) (quoting Tlumac v. High Bridge Stone, 187 N.J. 567, 573 (2006)).

The Legislature enacted Section 40 of the Act to avoid an inequitable double-recovery by injured employees, by "creat[ing] a lien in favor of the employer [for worker's compensation benefits paid pursuant to the Act] that attaches to the employee's recovery against other tortfeasors." Pool, 400 N.J. Super. at 575. "As a result, although the legislative scheme permits an

A-1194-22

employee to pursue a claim for damages against an alleged tortfeasor, any recovery obtained, not in excess of the amount of the lien, is encumbered by the employer's statutory lien."  Id. at 576 (citing Errickson v. Supermarkets Gen. Corp., 246 N.J. Super. 457, 463 (App. Div. 1991)).

The statute mandates the employer or their insurance carrier "shall be entitled to be reimbursed . . . for the medical expenses incurred and compensation payments . . . paid to the injured employee" if "the employee . . . recover[s] and [is] paid from the [third-party] . . . any sum in release or in judgment on account of [their] . . . liability to the injured employee . . . ." N.J.S.A. 34:15-40.  By the plain meaning of the statute, the employer's right to reimbursement is conditioned on, and triggered by, the employee's recovery of any sum from a third-party tortfeasor.

The amount the employee is obligated to repay to the employer is determined by whether "the sum recovered by the employee" is "less than the liability of the employer . . . under this statute" or "equivalent to or greater than" that liability.  N.J.S.A. 34:15-40(b) and (c).  Thus, the statute makes no mention of when the employer's lien must be satisfied, but it makes clear the specific amount of the lien cannot be determined until the employer's liability

7

is finalized. Notably, this does not affect the employee's obligation to reimburse the employer—only the amount of the required reimbursement.

Subsection (d) states when an employer has notified the third-party or their insurance carrier that the injured employee has applied for worker's compensation benefits, the third-party assumes a duty (a) "before making any payment to the injured employee . . . , to inquire . . . [as to] the amount of medical expenses incurred and compensation theretofore paid to the injured employee"; (b) "before making any payment . . . , to inquire . . . [as to] the amount of the expenses of suit and attorney's fee"; and (c) to pay to the employer the appropriate amount of the employer's lien as determined by the statute, "deducted . . . from the sum to be paid . . . to the injured employee." N.J.S.A. 34:15-40(d). Therefore, when the employer has perfected its lien by notifying the third-party of its claim, the lien is paid directly to the employer by the third-party before the employee recovers from the third-party.

New Jersey case law addresses primarily the pervasiveness of the worker's compensation lien's attachment but is silent as to the timeline for satisfying an unperfected lien. See, e.g., Greene, 433 N.J. Super. at 66 (holding the worker's compensation lien attaches "against petitioner's settlement with a third-party tortfeasor pursuant to Section 40, even though

8

[petitioner's] injury was ultimately non-compensable"); <u>Pool</u>, 400 N.J. Super. at 577-78 (determining that employer's worker's compensation lien attached to "the payment to the employee of the 'low' defined by a high/low agreement, which agreement preceded a decision or verdict in favor of an alleged tortfeasor"); <u>Midland Ins. Co. v. Colatrella</u>, 102 N.J. 612, 618 (1986) (holding that "a [worker's] compensation lien should attach to the uninsured motorist proceeds recovered by the injured employee"). It is, therefore, clear the worker's compensation lien attaches to the proceeds of the third-party action. <u>Primus v. Alfred Sanzari Enters.</u>, 372 N.J. Super. 392, 400-01 (App. Div. 2004) ("The compensation lien is statutorily created and generally attaches to 'any sum' recovered by the injured worker from a third-party, without regard to . . . equitable considerations [such] as whether the worker has been fully compensated.").

Pursuant to N.J.S.A. 34:15-40(d), an employer or its insurance carrier may perfect its lien by serving notice on the alleged tortfeasor or its insurance carrier, but such notice is not required for the lien to attach. <u>Danesi v. Am. Mfrs. Mut. Ins. Co.</u>, 189 N.J. Super 160, 165-66 (App. Div. 1983). Perfection of the lien only serves to confer duties upon the third-party to ensure the employer's lien is satisfied. "[T]he failure to perfect the lien does not alter [the

9

employee's] statutory obligation to reimburse [their] employer or its worker's compensation insurance carrier." Id. at 166; see also Liberty Mut. Ins. Co. v. Cressman, 336 N.J. Super. 67, 69 (App. Div. 2000).

Thus, there is no requirement the employer's lien must be paid following recovery from a third-party tortfeasor. Indeed, it cannot be fully satisfied until any associated worker's compensation action is finalized and the employer's liability under the Act is determined. Thus, an employer's unperfected statutory lien is not required to be satisfied immediately upon the injured employee's recovery from a third-party tortfeasor.

However, the clear legislative intent of the Act was "to establish a scheme for the compensation of an injured employee or his surviving dependents by the employer or its insurance carrier on the one hand, and on the other to give the latter a right to reimbursement for the compensation so paid by them out of any damages which may be recovered from the third-party tort[]feasor liable for the employee's injuries." Danesi, 189 N.J. Super at 165 (quoting Prudential Ins. Co. v. Laval, 131 N.J. Eq. 23, 26 (Ch. 1942)). The employer's right to reimbursement of a certain portion of the worker's compensation benefits paid to an injured employee is, therefore, a vital part of the current legislative framework that contains numerous provisions designed

to encourage "the employer to make prompt voluntary payments, thereby affording the employee needed funds for medical treatment and the replacement of lost wages." Greene, 433 N.J. Super. at 66. The employer's right to reimbursement is so inviolate that it extends the reach of employers in commencing actions against parties they could not usually reach. See Hartman v. Allstate Ins. Co., 345 N.J. Super. 101, 107-08 (App. Div. 2001) (relying on the worker's compensation carrier's "statutory right to recovery" and "the underlying purpose of the [Act]" to uphold the carrier's right to "step into the employee's shoes and pursue the[ir] claim directly" against the employee's uninsured motorist carrier). As an important policy underlying the structure of New Jersey's worker's compensation framework, the employer's right to reimbursement is afforded considerable protection.

The New Jersey Supreme Court has further stressed the significance of the employer's lien by finding the holder of such a statutory worker's compensation lien enjoyed ownership of the corresponding funds from a third-party settlement held by the employee's attorney. In re Frost, 171 N.J. 308, 325 (2002). Further, in Greene, even though the trial judge ruled against the worker's compensation carrier, the judge still recognized the importance of protecting the carrier's right to a statutory lien, by ordering "the funds

A-1194-22

recovered in the third-party action be held in escrow . . . in anticipation of an appeal." 433 N.J. Super. at 62. Thus, when the trial judge's ruling was reversed, the carrier was still able to collect on its lien.

Here, there is no indication in the record that NJ Transit's lien is protected at all, and the worker's compensation action could result in a resolution insufficient to cover the lien.

Allowing NJ Transit's lien to remain unprotected may pressure NJ Transit to settle Joseph's claim for an amount at least equal to the lien or risk a likely uncollectable judgment. Steps should be taken to ensure NJ Transit's lien is protected with funds held in escrow.

Accordingly, the matter is remanded to the trial court to ensure the worker's compensation lien is protected until the worker's compensation action is resolved. As long as the funds to pay the lien are protected—either deposited into court or deposited in an attorney trust account—there is no prejudice to NJ Transit. Based on our remand decision, we need not address NJ Transit's remaining arguments.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1194-22